WILLIAM W. FRANCIS, JR., J.,
concurring.
• I concur. I write separately to emphasize that based upon the specific record before us, the potential offense of domestic assault was one of the fact issues for the jury to consider. By refusing Instruction D, the trial court erred because it concluded there was no substantial evidence for the jury to find that there was a forcible felony of domestic assault in the second degree.
Although there was just barely enough evidence to qualify as substantial, the principal opinion recites that evidence and our review is in the light most favorable to the defendant in considering a self-defense instruction. State v. Smith, 456 S.W.3d 849, 852 (Mo.banc 2015).
The State’s argument includes evidence that is not viewed in the light most favorable to the defendant, which is inconsistent with our standard of review. Reversal is required on the record before us.